Hand-Delivered

FILED
STATESVILLE, NC
JUN 5 2018
U.S. District Court
Western District of N.C.

AO 241 (Rev. 09/17)

5:18cv92

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: WESTERN | |
|---|---|---|
| Name (under which you were convicted): MARSHALL LEE BROWN, JR. | | Docket or Case No.: 77CRS1627 |
| Place of Confinement: ALEXANDER CORRECTIONAL INSTITUTION | | Prisoner No.: 0050673 |
| Petitioner (include the name under which you were convicted) MARSHALL LEE BROWN, JR. | v. | Respondent (authorized person having custody of petitioner) ERIC HOOKS, SECRETARY OF N.C. DEPT. OF PUBLIC SAFETY, KEN BEAVER, SUPT. OF ALEXANDER CORRECTIONAL INSTITUTION, ET AL |
| The Attorney General of the State of: JOSH STEIN | | |

**PETITION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   ALEXANDER COUNTY SUPERIOR COURT, TAYLORSVILLE, NORTH CAROLINA 28681

   (b) Criminal docket or case number (if you know): 77CRS1627

2. (a) Date of the judgment of conviction (if you know): 09/08/1977

   (b) Date of sentencing: 11/16/1977

3. Length of sentence: 80 YEARS

4. In this case, were you convicted on more than one count or of more than one crime? ☐ Yes ☑ No

5. Identify all crimes of which you were convicted and sentenced in this case: SECOND DEGREE MURDER

6. (a) What was your plea? (Check one)

   ☐ (1) Not guilty      ☐ (3) Nolo contendere (no contest)
   ☑ (2) Guilty          ☐ (4) Insanity plea

Page 2 of 16

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? N/A

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury   ☑ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes   ☑ No

8. Did you appeal from the judgment of conviction?

☐ Yes   ☑ No

9. If you did appeal, answer the following:

(a) Name of court: N/A

(b) Docket or case number (if you know):

(c) Result:

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you seek further review by a higher state court?   ☐ Yes   ☑ No

If yes, answer the following:

(1) Name of court: N/A

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know): _____

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?  ☐ Yes  ☑ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?  ☑ Yes  ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: ALEXANDER COUNTY SUPERIOR COURT

(2) Docket or case number (if you know): 77CRS1627

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: MOTION FOR APPROPRIATE RELIEF

(5) Grounds raised: VIOLATION OF SIXTH AMENDMENT TO U.S. CONSTITUTION

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes  ☑ No

(7) Result: DENIED.

(8) Date of result (if you know): _____

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: __N/A_____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised:

_____
_____
_____
_____
_____
_____
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes  ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: __N/A_____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised:

_____
_____
_____
_____
_____
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

    (1) First petition:   ☑ Yes   ☐ No

    (2) Second petition: ☐ Yes   ☐ No

    (3) Third petition:  ☐ Yes   ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not: _____

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** PETITIONER'S RIGHT TO DUE PROCESS UNDER THE U.S. CONSTITUTION WAS VIOLATED WHEN THE STATE ARBITRARILY AND RETROACTIVELY ALTERED SENTENCE REDUCTION CREDIT

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

PETITIONER IS SERVING A DETERMINATE 80 YEAR SENTENCE TO WHICH THE STATE'S SENTENCING PROVISIONS ENTITLE HIM TO ONE DAY'S CREDIT FOR EACH DAY SERVED. ON OR AROUND JULY 16, 2017, PETITIONER'S CREDITS HAVE ACCUMULATED TO THE POINT WHERE HE HAS FULLY SATISFIED HIS SENTENCE BUT THE STATE HAS ABRUPTLY WITHDRAWN PETITIONER'S CREDITS AND REFUSES TO APPLY THEM TO PETITIONER'S UNCONDITIONAL RELEASE.

(b) If you did not exhaust your state remedies on Ground One, explain why:   N/A

AO 241 (Rev. 09/17)

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: THERE WAS NO DIRECT APPEAL.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: PETITION FOR WRIT OF HABEAS CORPUS

Name and location of the court where the motion or petition was filed: ALEXANDER COUNTY SUPERIOR COURT

Docket or case number (if you know): 77CRS1627

Date of the court's decision: 12/07/2017

Result (attach a copy of the court's opinion or order, if available): DENIED. (SEE ATTACHED COPY OF THE ORDER)

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☑ No
(4) Did you appeal from the denial of your motion or petition? ☑ Yes ☐ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☑ Yes ☐ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: THE NORTH CAROLINA COURT OF APPEALS

Docket or case number (if you know): P18-44

Date of the court's decision: 01/25/2018

Result (attach a copy of the court's opinion or order, if available): DENIED. (SEE ATTACHED COPY OF THE ORDER)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

Case 5:18-cv-00092-MR   Document 1   Filed 06/05/18   Page 6 of 19

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: PETITIONER FILED A SUBSEQUENT PETITION FOR A WRIT OF CERTIORARI TO THE NORTH CAROLINA SUPREME COURT ON MARCH 13, 2018 WHICH WAS DENIED ON MARCH 19, 2018. (SEE ATTACHED COPY OF ORDER)

**GROUND TWO:** THE STATE VIOLATED THE U.S. CONSTITUTION'S EX POST FACTO CLAUSE WHEN THEY RETROACTIVELY ALTERED THE SENTENCING PROVISIONS CREATED BY THEM

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
FOR OVER 36 YEARS PETITIONER EARNED GOOD, GAIN, AND MERIT TIME CREDITS THAT, PURSUANT TO STATUTE, WERE AUTOMATICALLY APPLIED TO HIS 80 YEAR SENTENCE FOR ALL PURPOSES. ON OR AROUND JULY 16, 2017, PETITIONER HAD EARNED CREDITS SUFFICIENT TO WARRANT HIS UN-CONDITIONAL RELEASE BUT WHEN HE INQUIRED ABOUT HIS CONTINUED INCARCERATION, HE WAS TOLD THAT HIS CREDITS HAD BEEN LIMITED BY A STATE SUPREME COURT RULING.

(b) If you did not exhaust your state remedies on Ground Two, explain why: N/A

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☑ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: THERE WAS NO DIRECT APPEAL OF THIS ISSUE BECAUSE IT DID NOT EXIST UNTIL JULY 16, 2017.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: PETITION FOR WRIT OF HABEAS CORPUS

Name and location of the court where the motion or petition was filed: ALEXANDER COUNTY SUPERIOR COURT; TAYLORSVILLE, NORTH CAROLINA

Docket or case number (if you know): 77CRS1627

Date of the court's decision: 12/07/2017

Result (attach a copy of the court's opinion or order, if available): DENIED. (SEE ATTACHED EXHIBIT #/)

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☑ No

(4) Did you appeal from the denial of your motion or petition? ☑ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☑ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: THE NORTH CAROLINA COURT OF APPEALS, RALEIGH, NORTH CAROLINA

Docket or case number (if you know): P18-44

Date of the court's decision: 01/25/2018

Result (attach a copy of the court's opinion or order, if available): DENIED. (SEE ATTACHED COPY OF THE ORDER)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: PETITIONER SUBSEQUENTLY FILED A PETITION FOR WRIT OF CERTIORARI TO THE NORTH CAROLINA SUPREME COURT ON MARCH 13, 2018 WHICH WAS DENIED ON MARCH 19, 2018. (SEE ATTACHED COPY OF THE ORDER)

**GROUND THREE:** THE STATE VIOLATED THE U.S.CONSTITUTION'S IMPAIRMENT OF CONTRACTS CLAUSE WHEN THEY ALTERED THE AGREEMENT BETWEEN THE STATE AND THE PETITIONER

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

PETITIONER ENTERED A PLEA-BARGAIN WITH THE STATE THAT INCLUDED THE BENEFIT OF HAVING HIS SENTENCE REDUCED AUTOMATICALLY FOR GOOD CONDUCT AND IF HE WORKED A JOB OR PARTICIPATED IN A PROGRAM. PETITIONER DID BOTH AND HAS ACCUMULATED THE REQUISITE CREDITS TO WARRANT HIS UNCONDITIONAL RELEASE BUT THE STATE HAS RETROACTIVELY ALTERED AND LIMITED THE EFFECTS OF PETITIONER'S CREDITS IN A MANNER NOT BARGAINED FOR.

(b) If you did not exhaust your state remedies on Ground Three, explain why: N/A

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: THERE WAS NO DIRECT APPEAL

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: PETITION FOR WRIT OF HABEAS CORPUS

Name and location of the court where the motion or petition was filed: ALEXANDER COUNTY SUPERIOR COURT; TAYLORSVILLE, NORTH CAROLINA 28681

Docket or case number (if you know): 77CRS1627

Date of the court's decision: 12/07/2017

Result (attach a copy of the court's opinion or order, if available): DENIED. (SEE ATTACHED COPY OF THE ORDER)

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☑ No
(4) Did you appeal from the denial of your motion or petition? ☑ Yes ☐ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☑ Yes ☐ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: THE NORTH CAROLINA COURT OF APPEALS

Docket or case number (if you know): P18-44

Date of the court's decision: 01/25/2018

Result (attach a copy of the court's opinion or order, if available): DENIED. (SEE ATTACHED COPY OF THE ORDER)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: PETITIONER SUBSEQUENTLY FILED A PETITION FOR WRIT OF CERTIORARI TO THE NORTH CAROLINA SUPREME COURT ON MARCH 13, 2018 WHICH WAS DENIED ON MARCH 19, 2018. (SEE ATTACHED COPY OF THE ORDER)

**GROUND FOUR:** THE STATE VIOLATED THE U.S. CONSTITUTION'S EQUAL PROTECTION CLAUSE BY REFUSING TO APPLY THE EXISTING LAW EQUALLY TO PETITIONER'S CASE

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

PETITIONER IS SERVING A DETERMINATE 80 YEAR SENTENCE. HISTORICALLY THE STATE HAS ALWAYS APPLIED SENTENCE-REDUCTION CREDITS TOWARDS THE UNCONDITIONAL RELEASE OF ANY PRISONER SERVING A DETERMINATE SENTENCE IN THE STATE'S PRISON. AS OF JULY 16, 2017, PETITIONER HAS ACCUMULATED THE REQUISITE REDUCTION CREDITS TO WARRANT HIS UNCONDITIONAL RELEASE BUT THE STATE IS REFUSING TO APPLY HIS CREDITS TOWARDS HIS RELEASE.

(b) If you did not exhaust your state remedies on Ground Four, explain why: N/A

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: THERE WAS NO APPEAL OF THIS ISSUE BECAUSE IT DID NOT BECOME RIPE UNTIL JULY 16, 2017.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

PETITIONER DID NOT RAISE THIS ISSUE IN HIS PETITION TO THE STATE COURT BECAUSE IT DID NOT APPEAR TO BE AN EQUAL PROTECTION ISSUE. ONLY WHEN THE STATE'S ANSWER TO PETITIONER'S DEMAND FOR RELEASE CITED A CASE THAT WAS DISTINCT FROM THIS PETITIONER, DID THE QUESTION OF EQUAL PROTECTION SEEM TO POSSIBLY APPLY. IT WAS ONLY THEN THAT PETITIONER THOUGHT IT PRUDENT TO RAISE THE ISSUE IN HIS APPEAL TO THE NORTH CAROLINA COURT OF APPEALS.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: PETITIONER SUBSEQUENTLY APPEALED TO THE NORTH CAROLINA SUPREME COURT FOR A PETITION FOR WRIT OF CERTIORARI AND AGAIN ALLUDED TO THE ISSUE OF EQUAL PROTECTION INFRINGEMENT.

13. Please answer these additional questions about the petition you are filing:

    (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☑ Yes ☐ No

    If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

    _____

    _____

    (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

    _____

    _____

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☑ Yes ☐ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. U.S. DISTRICT COURT, STATESVILLE, NORTH CAROLINA; MOTION FOR APROPRIATE RELIEF; VIOLATION OF SIXTH AMENDMENT TO U.S. CONST.; DENIED. (NO COPY AVAILABLE)

    _____

    _____

    _____

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☑ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

    _____

    _____

AO 241 (Rev. 09/17)

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _____

(b) At arraignment and plea: _____

(c) At trial: _____

(d) At sentencing: _____

(e) On appeal: _____

(f) In any post-conviction proceeding: _____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?  ☐ Yes  ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?  ☐ Yes  ☑ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

THE ONE-YEAR STATUTE OF LIMITATIONS OF 2244(d) IS INAPPLICABLE HERE BECAUSE THE PETITIONER IS NOT CHALLENGING HIS CONVICTION OR SENTENCE. HE IS MERELY ASSERT-ING HIS RIGHT TO AN UNCONDITIONAL RELEASE BECAUSE ACCORDING TO THE STATE LAWS EXISTING AT THE TIME OF PETITIONER'S OFFENSE, AS OF JULY 16, 2017, HE FULLY SATISFIED THE SENTENCE IMPOSED ON NOVEMBER 16, 1977. THUS, ON OR AROUND JULY 16

Case 5:18-cv-00092-MR   Document 1   Filed 06/05/18   Page 13 of 19

,1977 THE FACTUAL PREDICATE TO PETITIONER'S CLAIM AROSE, AT WHICH TIME HE IMMED-
IATELY REQUESTED HIS RELEASE AND WAS DENIED. HE THEN TIMELY FILED AN APPLICAT-
ION FOR PETITION OF WRIT OF HABEAS CORPUS IN THE STATE COURTS.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

    (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: **THAT THE TRIAL COURT BE ORDERED TO ISSUE ITS WRIT OF HABEAS CORPUS TO PETITIONER**

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on **06/04/2018** (month, date, year).

Executed (signed) on **06/02/2018** (date).

*Marshall LeBrun Jr.*
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____
_____
_____
_____

STATE OF NORTH CAROLINA　　　　　　　IN THE GENERAL COURT OF JUSTICE
COUNTY OF IREDELL　　FILED　　　　　　SUPERIOR COURT DIVISION
　　　　　　　　　　　　　　　　　　　　FILE NUMBER: 77CRS001627

　　　　　2017 AUG 17  A 11: 45

STATE OF NORTH CAROLINA　　　)
　　　　IREDELL CO., C.S.C.　　　）
　vs.　　　BY KCW　　　　　　　　）
　　　　　　　　　　　　　　　　　）　　ORDER DENYING APPLICATION
MARSHALL LEE BROWN, JR.,　　　）
　　　　　　　　　　　　　　　　　）
　　　　　　Defendant.　　　　　　）

A TRUE COPY
CLERK OF SUPERIOR COURT
ALEXANDER COUNTY
*Melinda B Null*
Assistant Deputy Clerk Superior Court

This Matter Coming On To Be Heard before the undersigned Superior Court Judge, the Court, having reviewed the document(s) presented, makes the following findings of fact:

1. The defendant filed a *pro se* document entitled "Application For Writ Of Habeas Corpus" dated July 18, 2017.
2. The defendant was charged in Alexander County with First Degree Murder for events which occurred on or about July 3, 1977.
3. On September 8, 1977, the defendant pleaded guilty to Second Degree Murder pursuant to transcript of plea and received a sentence of life imprisonment in Alexander County Superior Court. The defendant's current release date is November 3, 2060.
4. N.C.G.S § 14-2, which was in effect during relevant time period herein, notes that "[a] sentence of life imprisonment shall be considered as a sentence of imprisonment for a term of 80 years in the State's prison.
5. While lawfully incarcerated and serving a life sentence and on or about April 12, 1996, the defendant in this case escaped from the custody of the North Carolina Department of Correction.
6. After his escape and while a fugitive from justice, the defendant was charged with First Degree Murder, for events which occurred on or about December 29, 1996 in Iredell County.
7. Defendant was apprehended on or about July 20, 1999.
8. On March 25, 2002, the defendant was convicted of Second Degree Murder stemming from the events of December 29, 1996 and received an active 240-297 months sentence of incarceration in Iredell County Superior Court.
9. The defendant has been cited with 23 behavioral infractions by the North Carolina Department of Correction.
10. The defendant's projected release date appears to be within the time frame of the sentence imposed, minus the time during which the defendant remained an escapee.

Based Upon The Foregoing Findings Of Fact, the Court concludes as a Matter Of Law:

1. The Court has jurisdiction to hear this matter.
2. The punishment imposed in a particular case, if within statutory limits, is within the sound discretion of the presiding judge. The prison rules and regulations respecting rewards and privileges for good conduct ('good time') are strictly administrative and not judicial. See Jones v. Keller, 364 NC 249; 698 S.E.2d 49 (2010).
3. The defendant is lawfully incarcerated.
4. The defendant asserted no grounds under North Carolina law or in equity upon which the relief that he is seeking should be granted.
5. The defendant's Application For Writ Of Habeas Corpus should be dismissed.

STATE OF NORTH CAROLINA        IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
COUNTY OF ALEXANDER    2017 DEC 15 AM 11:06      77CRS 1627

STATE OF NORTH CAROLINA )
)
VS )          ORDER
)
MARSHALL LEE BROWN, JR )

This matter coming on to be heard and being heard before the undersigned Senior Resident Superior Court Judge of the Twenty-second Judicial District, upon the filing of an Motion for Summary Judgment Response To Application for a Writ of Habeas Corpus, and Response In Opposition to Deny Application For Writ of Habeas Corpus in the office of the Clerk of Superior Court of ALEXANDER COUNTY.

Upon reviewing the previous Motion, and the States Affirmation in Opposition of the Motion, and the Motion for Summary Judgment, the defendant asserts no new grounds which the relief that he is seeking should be granted.

NOW THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED that the Motion for Summary Judgment Response to Application for Writ of Habeas Corpus is DENIED.

This the 7 day of Dec, 2017.

Joseph N. Crosswhite
Senior Resident Superior Court Judge

A TRUE COPY
CLERK OF SUPERIOR COURT
ALEXANDER COUNTY
BY Melinda B. Null
Assistant Deputy Clerk Superior Court



# North Carolina Court of Appeals

DANIEL M. HORNE JR., Clerk

Fax: (919) 831-3615
Web: http://www.nccourts.org

Court of Appeals Building
One West Morgan Street
Raleigh, NC 27601
(919) 831-3600

Mailing Address:
P. O. Box 2779
Raleigh, NC 27602

No. P18-44

MARSHALL LEE BROWN, JR.,
PLAINTIFF,

V.

ERIC HOOK, SECRETARY OF THE
DEPARTMENT OF PUBLIC SAFETY AND
KEN BEAVER, SUPERINTENDENT OF
ALEXANDER CORRECTIONAL
INSTITUTION, ET AL
DEFENDANTS.

From Alexander
( 77CRS1627 )

### ORDER

The following order was entered:

The petition filed in this cause on the 22nd of January 2018 and designated 'Petition for a Writ of Certiorari' is denied.

By order of the Court this the 25th of January 2018.

The above order is therefore certified to the Clerk of the Superior Court, Alexander County.

WITNESS my hand and the seal of the North Carolina Court of Appeals, this the 25th day of January 2018.

Daniel M. Horne Jr.
Clerk, North Carolina Court of Appeals

Copy to:
Mr. Marshall Lee Brown, Jr., For Brown, Marshall Lee Jr.
Attorney General, For Hooks, Eric
Mr. Robert C. Montgomery, Special Deputy Attorney General
Hon. Danny Dyson, Clerk of Superior Court

# Supreme Court of North Carolina

**MARSHALL LEE BROWN, JR.**

v

**ERIC HOOK, SECRETARY OF THE DEPARTMENT OF PUBLIC SAFETY AND KEN BEAVER, SUPERINTENDENT OF ALEXANDER CORRECTIONAL INSTITUTION, ET AL.**

From N.C. Court of Appeals
( P18-44 )
From Alexander
( 77CRS1627 )

## ORDER

Upon consideration of the petition filed by Petitioner on the 13th of March 2018 in this matter for a writ of certiorari to review the order of the North Carolina Court of Appeals, the following order was entered and is hereby certified to the North Carolina Court of Appeals:

"Denied by order of the Court in conference, this the 19th of March 2018."

s/ Morgan, J.
For the Court

WITNESS my hand and the seal of the Supreme Court of North Carolina, this the 19th day of March 2018.

Amy L. Funderburk
Clerk, Supreme Court of North Carolina

M. C. Hackney
Assistant Clerk, Supreme Court Of North Carolina

Copy to:
North Carolina Court of Appeals
Mr. Marshall Lee Brown, Jr., For Brown, Marshall Lee Jr.
Mr. Daniel P. O'Brien, Special Deputy Attorney General, For Hook, Eric, et al. - (By Email)
Ms. Sarah Kirkman, District Attorney
Hon. Danny Dyson, Clerk
West Publishing - (By Email)
Lexis-Nexis - (By Email)