IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
NO: 5:18-CV-92-FDW

| | |
|---|---|
| MARSHALL LEE BROWN, JR., <br><br> Petitioner, <br><br> v. <br><br> ERIK A. HOOKS, Secretary, <br> N.C. Dept. of Public Safety, et al., <br><br> Respondents. | SUPPORTING BRIEF <br> 28 U.S.C. § 2254 |

**Summary of the Nature of the Case and Pertinent Facts**

Petitioner is a prisoner of the State of North Carolina, who, on 8 September 1977, in the Superior Court of Alexander County, Honorable David P. Smith, judge presiding, pled guilty to second-degree murder in case 77 CRS 1627, with prayer for judgment continued until after Petitioner testified for the state in another murder case. (see copy of sworn, executed transcript of plea at DE 2-1, at pages 49-50) On 16 November 1977, Honorable Robert D. Lewis sentenced Petitioner to life imprisonment. (Exhibit 1) Petitioner was represented by Mr. Edward L. Hedrick and did not appeal.

While serving his life sentence, Petitioner escaped from prison and committed another murder. On 25 March 2002, Petitioner pled no contest to second-degree murder and was sentenced to an additional term of 240-297 months imprisonment. State v. Brown, 2005 N.C. App. LEXIS 1486 (2005) (unpublished).

On or about 25 July 2017, Petitioner filed a pro se application for writ of habeas corpus in the Superior Court of Alexander County. (Exhibit 2) On 16 August 2017, Honorable Joseph Crosswhite summarily denied this habeas corpus petition, and the order was filed the Superior

Court of Iredell County, with a true copy also filed in the Superior Court of Alexander County. (Exhibit 3) On 22 September 2017, Petitioner filed a pro se "Motion for Summary Judgment Response to Application For Writ of Habeas Corpus et seq., Response in Opposition to Affirmation in Opposition to Deny Application for Writ of Habeas Corpus," in the Superior Court of Alexander County. (Exhibit 4) On 7 December 2017, Judge Crosswhite summarily denied Petitioner's motion. (DE 2-1, at page 17) On 22 January 2018, Petitioner filed a pro se certiorari petition in the North Carolina Court of Appeals (NCCOA). (Exhibit 5) On 24 January 2018, the state filed a response. (Exhibit 6) On 25 January 2018, certiorari was denied. (DE 2-1, at page 18) On 13 March 2018, Petitioner filed a pro se certiorari petition in the North Carolina Supreme Court (NCSC). (Exhibit 7) On 19 March 2018, certiorari was denied. (DE 2-1, at page 19) On 5 June 2018, Petitioner filed his pro se federal habeas petition (FHP) in this Court.

## Grounds for Relief

Petitioner contends: (1) his right of due process was violated when the state arbitrarily and retroactively altered his sentence reduction credit; (2) the state violated the Ex Post Facto Clause by retroactively altering the sentencing provisions; (3) the state violated the Impairment of Contracts Clause when they altered the plea agreement with Petitioner that he would have the benefit of sentence reduction credits; and (4) the state violated the Equal Protection Clause by refusing to apply existing law equally to Petitioner's case.

## Legal Argument

### 1. Petitioner's Grounds for Relief are without merit.

Ground for Relief (1) - that Petitioner's right of due process was violated when the state arbitrarily and retroactively altered his sentence reduction credit - is denied and must be summarily

2

dismissed. Petitioner is raising the familiar and long since resolved "80-year life" or "Bowden" claim. This identical claim has been raised by many North Carolina inmates serving life sentences imposed between 8 April 1974 and 30 June 1978. See N.C.G.S. § 14-2 (1974) (life sentence considered as 80-years). State v. Bowden, 193 N.C. App. 597, 601, 668 S.E.2d 107 (2008) (life sentence considered 80 years for all purposes), disc. review improvidently granted, 363 N.C. 621, 683 S.E.2d 208 (2009). Petitioner is claiming he is entitled to have his earned sentence reduction credits applied to reduce his life sentence, which is construed as 80 years for all purposes under Bowden.

Petitioner's Ground for Relief (1) has been squarely rejected by the NCSC, this Court and the Fourth Circuit. This is because North Carolina prison authorities have never applied (and do not apply) sentence reduction credits to reduce life sentences, even when those life sentences are construed as 80 years for all purposes. Jones v. Keller, 364 N.C. 249, 689 S.E.2d 49 (2010) (prison authorities have never applied sentence reduction credits to reduce life sentences because life means life, even if considered to be 80 years for all purposes, and the refusal to apply sentence reduction credits to reduce these life sentences considered to be 80 years, does not violate due process, equal protection or create an ex post facto law), cert. denied, 563 U.S. 960 (2011); Lovette v. N.C. DOC, 366 N.C. 471, 737 S.E.2d 737 (per curiam reversal of NCCOA's contrary majority opinion, and expressly adopting Judge Ervin's dissenting opinion which upheld DOC's refusal to apply sentence reduction credits to a life sentence construed as 80 years imposed for second-degree murder, on same rationale as Jones v. Keller), cert. denied, 571 U.S. 894 (2013) ; Waddell v. Keller, 2011 U.S. Dist. LEXIS 100169 (W.D.N.C. 2011) (state prison authorities refusal to apply sentence reduction credits to inmates serving life sentences construed as 80 years, does not violate

3

due process, fair notice or create an ex post facto law), affirmed, 680 F.3d 384 (4th Cir. 2012) (The prisoner's due process claim failed because he had not been denied credits in which he had a constitutionally protected liberty interest because DOC never used good time credits for the purpose of reducing a life sentence. The prisoner's ex post facto claim had no merit because no legislative or regulatory enactment ever altered the prisoner's award of good time credits because the DOC's revision of the release dates of prisoners sentenced under the 80-year rule was simply a correction of its records, and failed to impact on how good time credits were being applied. Federal habeas corpus therefore denied.), cert. denied, 568 U.S. 952 (2012). In short, the case at bar is a repeat of Waddell with slight re-phrasing or permutations, and must be summarily denied on the merits for the same reasons and authorities set forth in Waddell.

Furthermore, Petitioner raised the substance of all of his Grounds for Relief in his 17August 2017 state habeas corpus petition and his 22 September 2018 "Motion for Summary Judgment Response to Application For Writ of Habeas Corpus et seq., Response in Opposition to Affirmation in Opposition to Deny Application for Writ of Habeas Corpus." (Exhibits 2 & 4) Judge Crosswhite summarily denied both motions on the merits. (Exhibit 3) (DE 2-1, at page 17) These summary state court adjudications are correct for the reasons and authorities cited above, and must be upheld under the highly deferential standards of review contained in 28 U.S.C. § 2254(d) and (e). See Waddell v. Keller, above. See also, Harrington v. Richter, 562 U.S. 86 (2011) ("As a condition for obtaining habeas corpus relief from a federal court, a state prisoner must show that the state court's ruling [even a summary or unexplained ruling] on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.") and

4

Cullen v. Pinholster, 563 U.S. 170, 181 (2011) ("We now hold that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits.").

In addition, for the same basic reasons all of Petitioner's Grounds for Relief are also barred by Teague v. Lane, 489 U.S. 288 (1989). See also, Lambrix v. Singletary, 520 U.S. 518, 525 528 (1997) (where reasonable jurist at the time could have disagreed, "new rule" cannot be applied retroactively); Butler v. McKellar, 494 U.S. 407 (1990) ("new rule" is anything subject to debate among "reasonable minds" on date of finality). There is no United States Supreme Court precedent mandating that the state courts accept of any of Petitioner's Grounds for Relief, under the circumstances of this case.

In other words, neither at the time of Petitioner's 16 November 1977 judgment, nor currently, nor at any point in between, would the state courts have felt obligated by any United States Supreme Court precedent to accept Petitioner's current claims. Also, because the "new rule" Petitioner seeks does not decriminalize a class of conduct or establish a watershed rule of criminal procedure implicating fundamental fairness, it falls within neither Teague exception. See Teague, Lambrix, and Butler. Thus, Petitioner's current Grounds for Relief are Teague barred.

In sum, Ground for Relief (1) is without merit, must be summarily denied under the highly deferential standards of review contained in section 2254(d) and (e), and is Teague barred.

Ground for Relief (2) - that the state violated the Ex Post Facto Clause by retroactively altering the sentencing provisions - is denied and must be summarily dismissed. Ground for Relief (2) must be summarily denied for the same reasons and authorities set forth above in response to Ground for Relief (1), which are incorporated herein by reference. By way of summary only,

5

Ground for Relief (2) is without merit, must be summarily denied under the highly deferential standards of review contained in section 2254(d) and (e), and is Teague barred.

Ground for Relief (3) - that the state violated the Impairment of Contracts Clause when they altered the plea agreement with Petitioner that he would have the benefit of sentence reduction credits - is denied and must be summarily dismissed. Petitioner contends he entered a plea bargain that included the benefit of having his sentence reduced by sentence reduction credits. His plea bargain contains no such agreement.

Petitioner swore under oath in open court that the only terms or conditions of his plea bargain were as follows:

> That prayer for judgment be continued in said case until the November 1977 term in Alexander Co. Criminal Superior Court and that the defendant be kept in the Alexander County Jail without bond until sentence is pronounced in said case; further that the defendant will testify for and on behalf of the State of North Carolina in the cases against Kenneth Barnard Holmes, relative all facts and circumstances concerning the involvement of Kenneth B. Holmes in the murder of one Horace Andrew Morrison, Jr.

(DE 2-1, page 49-50) Petitioner swore that no one made any other promises to him or threatened him in any way in order to cause him to enter his plea. Id.

Absent compelling circumstances not shown here, Petitioner is bound by his solemn in-court representations. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977); Little v. Allsbroke, 731 F.2d 238 (4th Cir. 1984) and Via v. Superintendent, 643 F.2d 167 (4th Cir. 1981). Furthermore, Petitioner's own conclusory statements otherwise, are insufficient to breach the formidable barrier of Blackledge. See also, Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) (conclusory claims subject to summary denial), cert. denied, 507 U.S. 923 (1993), abrogated on other grounds by, Gray v. Netherland, 518 U.S. 152, 165-66 (1996).

In addition, for the same reasons and authorities set forth above in response to Ground for Relief (1), which are incorporated herein by reference, Ground for Relief (3) must also be summarily denied. By way of summary only, Ground for Relief (3) is without merit, must be summarily denied under the highly deferential standards of review contained in section 2254(d) and (e), and is Teague barred.

In sum, for all of the above reasons and authorities Ground for Relief (3) must be summarily denied.

Ground for Relief (4) - that the state violated the Equal Protection Clause by refusing to apply existing law equally to Petitioner's case - is denied and must be summarily dismissed. Ground for Relief (4) must be summarily denied for the same reasons and authorities set forth above in response to Ground for Relief (1), which are incorporated herein by reference. By way of summary only, Ground for Relief (4) is without merit, must be summarily denied under the highly deferential standards of review contained in section 2254(d) and (e), and is Teague barred.

### 2.    Statute of limitation defense.

Because Petitioner plead guilty and did not appeal, his sentence became final for purposes of direct review on the day judgment was entered on 16 November 1977. (Exhibit 1) Because this was several years before President Clinton signed the Anti-terrorism and Effective Death Penalty Act (AEDPA) into law on 24 April 1996, Petitioner had an additional year or up to 24 April 1997 in order to timely file his current FHP. Hernandez v. Caldwell, 225 F.3d 435, 438 (4th Cir. 2000). Because he filed his current FHP on 5 June 2018, it is almost 21 years out-of-time and must be deemed barred by the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1).

In addition, this Court has already held that a federal habeas petitioner raising Petitioner's same 80-year life or Bowden claim, has had constructive knowledge of the factual predicate of that claim since 24 April 1997. Waddell v. Keller, 2011 U.S. Dist. LEXIS 100169 at *11-13 (W.D.N.C. 2011) ("By not filing this [80-year-life or Bowden claim] on or before April 24, 1997, the claim is barred and no adequate reason has been provided to otherwise toll the operation of the statute of limitations."), affirmed on other grounds, 680 F.3d 384 (4th Cir. 2012), cert. denied, 568 U.S. 952 (2012). Therefore, none of Petitioner's assertions on pages 14-15, paragraph 18, of his FHP, or any other supporting documents, shows his petition was timely filed or entitled to equitable tolling. In other words, as stated above, the case at bar is a repeat of Waddell with slight re-phrasing or permutations, and must therefore be summarily dismissed on statute of limitation grounds for the same reasons and authorities set forth in this Court's opinion in Waddell.

Next, if in response to this brief, Petitioner contends he was acting pro se, it is not grounds for tolling. See Turner v. Johnson, 177 F.3d 390, 392 (5th Cir.) (neither petitioner's unfamiliarity with legal process nor his lack of representation during applicable filing period merits equitable tolling of the one-year period of limitation on federal habeas petitions, regardless of whether this unfamiliarity is due to illiteracy or any other reason), cert. denied, 528 U.S. 1007 (1999); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) ("But, even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."); Cross-Bey v. Gammon, 322 F.3d 1012, 1215 (8th Cir. 2003) ("Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted." (quotation marks omitted)), cert. denied, 540 U.S. 971 (2003); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2001) (state prisoner was not entitled to equitable tolling of one-year period of limitation since

8

ignorance of the law, even for a pro se prisoner, does not excuse late filing), cert. denied, 531 U.S. 1194 (2001), citing Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2000); Baker v. Norris, 321 F.3d 769, 772 (8th Cir. 2003) (ignorance of the law was no excuse for failing to meet the one year period of limitation), cert. denied, 539 U.S. 918 (2003).

Next, if in response to this brief, Petitioner raises a claim of "actual innocence," it would not toll. Although the Supreme Court recognized the existence of an "actual innocence" exception to the one-year period of limitation in McQuiggin v. Perkins, 569 U.S. 383 (2013), the Court expressly adopted the pre-existing "gateway" test. Id. In order to establish "actual innocence" sufficient to serve as a "gateway" through which otherwise procedurally defaulted or out-of-time claims can be addressed, Petitioner must show that new evidence, in light of the record as a whole, makes it more likely than not, that no reasonable juror would find him guilty. See Schlup v. Delo, 513 U.S. 298, 327 (1995). See also, Herrera v. Collins, 506 U.S. 390 (1993); Teleguz v. Pearson, 689 F.3d 322 (4th Cir. 2012); Wolfe v. Johnson, 565 F.3d 140, 163-65 (4th Cir. 2009), appeal after remand, Wolfe v. Clark, 718 F.3d 277 (4th Cir. 2013); Spencer v. Murray, 5 F.3d 758 (4th Cir. 1993), cert. denied, 510 U.S. 1171 (1994).

Petitioner has not and cannot meet this standard. In fact, any potential "actual innocence" assertion should be summarily "rejected as conclusory pursuant to Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) ("In order to obtain an evidentiary hearing on an ineffective assistance of counsel claim - or for that matter, on any claim - a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing."), cert. denied, 507 U.S. 923 (1993), abrogated on other grounds by, Gray v. Netherland, 518 U.S. 152, 165-66 (1996).

9

Next, if in response to this brief, Petitioner asserts that <u>Martinez v. Ryan</u>, 566 U.S. 1 (2012) or <u>Trevino v. Thaler</u>, 569 U.S. 413 (2013) somehow toll the one-year period of limitation, he would be incorrect.  <u>Martinez</u> and <u>Trevino</u> involve the lifting of otherwise independent and adequate state procedural bars on ineffective assistance of trial counsel claims, when those claims were either barred from being raised on direct appeal under state law, or as a practical matter could not have been raised on direct appeal.  In short, <u>Martinez</u> and <u>Trevino</u> have nothing to do with the application of the one-year period of limitation under section 2244(d).  <u>See also</u>, <u>Arthur v. Thomas</u>, 739 F.3d 611 (11th Cir. 2014) (<u>Martinez</u> and <u>Trevino</u> have no application in statute of limitation context), <u>cert. denied</u>, 135 S. Ct. 106 (2014).

Next, if in response to this brief, Petitioner asserts that he did not receive copies of any state court opinions or orders in the mail until sometime after they were entered, it does not toll.  <u>See</u> <u>Rouse v. Lee</u>, 339 F.3d 238 (4th Cir. 2003) (<u>en banc</u>) (one-year period of limitation remains tolled under § 2244(d)(2) until petition denied and not until the petitioner receives a copy of the denial order in the mail), <u>cert. denied</u>, 541 U.S. 905 (2004); <u>Spencer v. Sutton</u>, 239 F.3d 626, 627-29 (4th Cir. 2000).

Also, if in response to this brief, Petitioner contends that he submitted his case to N.C. Prisoner Legal Services, Inc., (PLS) for review and they declined representation, or held on to it for some or all of the one-year period of limitation before declining representation, it is no excuse.  A prisoner's assertion he missed the one-year period of limitation because he was waiting on PLS to complete a review of his case, is insufficient to equitably toll.  <u>See</u> <u>Rhew v. Beck</u>, 349 F. Supp. 2d 975, 978 (M.D.N.C.) (recommendation M.J. Eliason), <u>adopted</u>, 349 F. Supp. 2d 975 (2004) (J. Osteen), <u>appeal dismissed</u>, 158 F. App'x 410 (2005).  Furthermore, PLS must necessarily cull

through untimely or meritless habeas cases such as the case at bar. In short, Petitioner could still have filed a timely federal habeas petition since he has demonstrated his ability to make such filings. There was no state created impediment to her timely filing of her current federal habeas petition.

Also, merely because PLS is funded by the state through the Office of Indigent Defense Services (IDS), N.C.G.S. § 7A-498.3(a)(2a) (2017), does not mean that PLS is a state actor. The state exercises no administrative control over PLS, and honors PLS's independence. See Polk County v. Dodson, 454 U.S. 312, 321-322 (1981) (while public defenders are paid by the state, they are not state actors for purposes of § 1983 because they are not amenable to administrative direction in the same sense as other employees of the state because the state was constitutionally obligated to honor their independence).

Also, equitable tolling is not available unless Petitioner pursued his rights diligently and circumstances external to the party's own conduct prevented timely filing. See Holland v. Florida, 560 U.S. 631, 649 (2010) (equitable tolling available when petitioner shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing); Lawrence v. Florida, 549 U.S. 327, 336, 127 S. Ct. 1079, 1085, 166 L. Ed. 2d 924 (2007) (assuming without deciding equitable tolling available, petitioner must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing) and Rouse v. Lee, 339 F.3d 238 (no equitable tolling for North Carolina petitioner in capital case who filed federal habeas petition one-day late due to miscalculation of time period by counsel). Petitioner has not met this standard for equitable tolling.

11

Case 5:18-cv-00092-MR   Document 5   Filed 07/17/18   Page 11 of 13

In sum, Petitioner's entire FHP should be summarily dismissed on statute of limitations grounds. In any event, Petitioner's entire FHP must be summarily denied, and a certificate of appealability (COA) should not issue.

Respectfully submitted, this the 12th day of July, 2018.

JOSHUA H. STEIN
ATTORNEY GENERAL

/s/Clarence J. DelForge, III
Clarence J. DelForge, III
Special Deputy Attorney General
P.O. Box 629
Raleigh, NC 27602
(919) 716-6571
cdelforg@ncdoj.gov
State Bar No. 12925

**CERTIFICATE OF SERVICE**

I hereby certify that on 12 July 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification to the following: N/A, and I hereby certify that I have mailed the forgoing brief, exhibit list and all exhibits to the following non CM/ECF participants:

>Marshall Lee Brown, Jr.
>No. 0050673
>Alexander Correctional Institution
>633 Old Landfill Road
>Taylorsville, N.C. 28681

Respectfully submitted this the 12th day of July, 2018.

>/s/Clarence J. DelForge, III
>Clarence J. DelForge, III
>Special Deputy Attorney General
>P.O. Box 629
>Raleigh, NC 27602
>Phone: (919) 716-6571
>Fax: (919) 716-0001
>cdelforg@ncdoj.gov