EXHIBIT 3


Judge Crosswhite's August 16, 2017 order denying state habeas corpus petition

STATE OF NORTH CAROLINA
COUNTY OF IREDELL

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NUMBER: 77CRS001627

_____

2017 AUG 17  A 11: 45

STATE OF NORTH CAROLINA          )

IREDELL CO., C.S.O.

vs.          BY___KCW_____)
_____)

MARSHALL LEE BROWN, JR.,          )
                                  )
          Defendant.          )
_____)

A TRUE COPY
CLERK OF SUPERIOR COURT
ALEXANDER COUNTY

ORDER DENYING APPLICATION *Melinda B Null*
BY_____
Assistant Deputy Clerk Superior Court

This Matter Coming On To Be Heard before the undersigned Superior Court Judge, the Court, having reviewed the document(s) presented, makes the following findings of fact:

1. The defendant filed a *pro se* document entitled "Application For Writ Of Habeas Corpus" dated July 18, 2017.
2. The defendant was charged in Alexander County with First Degree Murder for events which occurred on or about July 3, 1977.
3. On September 8, 1977, the defendant pleaded guilty to Second Degree Murder pursuant to transcript of plea and received a sentence of life imprisonment in Alexander County Superior Court. The defendant's current release date is November 3, 2060.
4. N.C.G.S § 14-2, which was in effect during relevant time period herein, notes that "[a] sentence of life imprisonment shall be considered as a sentence of imprisonment for a term of 80 years in the State's prison.
5. While lawfully incarcerated and serving a life sentence and on or about April 12, 1996, the defendant in this case escaped from the custody of the North Carolina Department of Correction.
6. After his escape and while a fugitive from justice, the defendant was charged with First Degree Murder, for events which occurred on or about December 29, 1996 in Iredell County.
7. Defendant was apprehended on or about July 20, 1999.
8. On March 25, 2002, the defendant was convicted of Second Degree Murder stemming from the events of December 29, 1996 and received an active 240-297 months sentence of incarceration in Iredell County Superior Court.
9. The defendant has been cited with 23 behavioral infractions by the North Carolina Department of Correction.
10. The defendant's projected release date appears to be within the time frame of the sentence imposed, minus the time during which the defendant remained an escapee.

Based Upon The Foregoing Findings Of Fact, the Court concludes as a Matter Of Law:

1. The Court has jurisdiction to hear this matter.
2. The punishment imposed in a particular case, if within statutory limits, is within the sound discretion of the presiding judge. The prison rules and regulations respecting rewards and privileges for good conduct ('good time') are strictly administrative and not judicial. See Jones v. Keller, 364 NC 249; 698 S.E.2d 49 (2010).
3. The defendant is lawfully incarcerated.
4. The defendant asserted no grounds under North Carolina law or in equity upon which the relief that he is seeking should be granted.
5. The defendant's Application For Writ Of Habeas Corpus should be dismissed.

WHEREFORE, IT IS HEREBY ORDERED that the defendant's Application For Writ Of Habeas Corpus should be dismissed is hereby and in all respects DENIED.

SO ORDERED, this the 16ᵗʰ day of August 2017.

Honorable Joseph Crosswhite
Superior Court Judge Presiding