# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CASE NO. 5:18-cv-00092-MR

| | |
|---|---|
| MARSHALL LEE BROWN, JR., ) ) Petitioner, ) ) vs. ) ) ERIK A. HOOKS, Secretary, N.C. ) Department of Public Safety. ) ) Respondent. ) _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Petitioner's Motion to Alter or Amend Judgment. [Doc. 12].

## I. BACKGROUND

Marshall Lee Brown, Jr. (the "Petitioner") is a prisoner of the State of North Carolina who pled guilty to second-degree murder on September 8, 1977 in Alexander County Superior Court. [Doc. 1 at 1]. On November 16, 1977, the Petitioner was sentenced to life in prison. [Id.]. The Petitioner did not file an appeal. [Doc. 1 at 2].[1]

---

[1] While serving his life sentence, the Petitioner escaped from prison and committed another murder. On March 25, 2002, the Petitioner pled no contest to second-degree murder and was sentenced to a concurrent sentence of 240-297 months. State v. Brown, 616 S.E.2d 30, 2005 WL 1804816 (N.C. Ct. App. 2005) (unpublished table decision).

On July 25, 2017, the Petitioner filed *a pro se* application for writ of habeas corpus in Alexander County Superior Court. That application was denied on August 16, 2017. On January 22, 2018, the Petitioner filed a *pro se* certiorari petition in the North Carolina Court of Appeals. On January 25, 2018, the North Carolina Court of Appeals denied certiorari. On March 13, 2018, the Petitioner filed a *pro se* certiorari petition in the North Carolina Supreme Court. On March 19, 2018, the North Carolina Supreme Court denied certiorari.

On June 4, 2018, the Petitioner filed a *pro se* habeas petition challenging the execution of his 1977 sentence. [Doc. 1]. Specifically, the Petitioner asserts that while he has accumulated sufficient good time credits to fully satisfy his sentence,[2] the North Carolina Department of Public Safety ("DPS") (formerly the North Carolina Department of Correction ("DOC"))[3] refuses to apply those credits to his unconditional release date. [Doc. 1]. The Petitioner claims that he has a constitutionally-protected liberty interest in those credits and that the DOC is arbitrarily and retroactively refusing to apply those good time credits without due process of law. [Id. at 5]. The

---

[2] For simplicity's sake, the Court refers to good time, gain time, and merit time credits collectively as "good time credits," although they are earned for different reasons.

[3] Although the name of the corrections department has changed, the Court hereinafter uses DOC because most of the cases it relies on were decided before the name was changed to the Department of Public Safety.

Petitioner also claims that the DOC is violating the Ex Post Facto Clause by retroactively altering the sentencing provisions that it created. [Id. at 7].

On July 17, 2018, the Respondent filed a Motion for Summary Judgment. [Doc. 4]. On August 16, 2018, the Petitioner filed a response. [Doc. 7]. On October 1, 2019, the Court entered an Order granting the Respondent's Motion for Summary Judgment and denying the Petitioner's habeas petition. [Doc. 10]. On October 16, 2019, the Petitioner filed this *pro se* Motion to Alter or Amend Judgment, arguing that the Court should reverse its October 1, 2019 Order because the Petitioner has provided a copy of regulations that the Court did not have when it issued its Order. [Doc. 12].

## II. STANDARD OF REVIEW

Rule 59(e) of the Federal Rules of Civil Procedure provides that a judgment may be altered or amended in order: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pacific Ins. Co. v. American Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). The purpose of this Rule is to "permit[ ] a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." Id. (citation and internal quotation marks omitted). Ultimately, the decision to grant or deny a Rule 59(e) motion

3

is a matter within the Court's discretion.  See <u>Robinson v. Wix Filtration Corp. LLC</u>, 599 F.3d 403, 407 (4th Cir. 2010).

## III. DISCUSSION

The Court's October 1 Order stated that the Court had been unable to locate a copy of 5 N.C. Admin. Code 2 (1976), which the Petitioner claimed "included a provision mandating application of sentencing credits to reduce the terms of defendants sentenced to life in prison." [Doc. 10 at 9].  The Petitioner now has provided a copy of 5 N.C. Admin. Code 2 (1976), and contends that his provision of those regulations constitutes an intervening change in controlling law, the discovery of new evidence that was not previously available, and evidence of a clear error of law in the Court's October 1 Order.  [Doc. 12 at 2-9].

Assuming without deciding that the Petitioner's discovery of 5 N.C. Admin. Code 2B (1976) constitutes grounds for a motion under Rule 59(e), the Petitioner has failed to show that an alteration or amendment to the Court's Order is warranted here.  As provided by the Petitioner, 5 N.C. Admin. Code 2B § .0100 (1976) states that "all inmates, including CYO's and those with life terms, shall be allowed a maximum of 107 days good time for acceptable behavior for each year served."  Section .0101 of the same subchapter states that "[a]ll inmates who perform work . . . in specific training

4

programs . . . shall be allowed additional gained time. . . ." Id. at § .0101. The Petitioner asserts that these regulations require DOC to apply his good time credit to his unconditional release date. [Doc. 1 at 5].

The North Carolina Supreme Court has held that the regulations implementing good time credits are "'strictly administrative and not judicial.'" Jones v. Keller, 364 N.C. 249, 253, 698 S.E.2d 49, 53-54 (2010) (quoting State v. Garris, 265 N.C. 711, 144 S.E.2d 901, 902 (1965)). The Fourth Circuit has agreed that "[a]lthough North Carolina law provide[s] for the award of good time credits, it is for the DOC to determine how those credits are to be applied." Waddell v. Dep't of Correction, 680 F.3d 384, 396 (4th Cir. 2012) (citing N.C. Gen. Stat. § 148–13).

Although the regulations provided by the Petitioner state that inmates serving life sentences can accrue good time credit and gained time credit, the North Carolina Supreme Court found in Jones that "[t]he Department of Correction has never used good time, gain time, or merit time credits in the calculation of unconditional release dates for inmates who received sentences of life imprisonment." Jones, 364 N.C. at 254, 698 S.E.2d at 54. While Jones specifically mentioned the regulations that the Petitioner provides as justification for his Rule 59(e) motion, id. (citing 5 N.C. Admin. Code. 2B.0101–.0103 (1976), the North Carolina Supreme Court concluded

5

that those "regulations do not require that DOC apply time credits for purposes of unconditional release to those who committed first-degree murder during the 8 April 1974 through 30 June 1978 time frame and were sentenced to life imprisonment." Id.  That holding applies to the Petitioner, who was sentenced to life imprisonment on November 16, 1977.  As such, the Petitioner's argument based on the regulations he provides was considered and rejected by the North Carolina Supreme Court in Jones.[4]

As determined by the Fourth Circuit in Waddell, the North Carolina Supreme Court's decision in Jones did not violate the AEDPA because it was not "contrary to or an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States."  680 F.3d 384, 396 (4th Cir. 2012).  Specifically, the Fourth Circuit in Waddell held that the DOC's refusal to apply good time credits to unconditional release dates for inmates serving life sentences did not create a due process violation.  Id. at 395.  ("Put simply, the DOC's practice of applying earned good time credits

---

[4] The Petitioner also attaches and cites to an order entered on December 14, 2009 in Brown v. N.C. Dep't of Correction, Wake County Court File No. 09CVS23746, in the Wake County General Court of Justice, Superior Court Division. [Doc. 12-1 at 3-5; Doc. 12-3]. That order granted an inmate's habeas petition that made similar arguments to the ones raised by the Petitioner here.  [Doc. 12-3].  That order, however, was reversed and vacated by the North Carolina Supreme Court for the reasons stated in Jones v. Keller, 364 N.C. 249, 698 S.E.2d 49 (2010). Brown v. N. Carolina Dep't of Correction, 364 N.C. 319, 320, 697 S.E.2d 327 (2010).  As such, the North Carolina Supreme Court has expressly rejected the Petitioner's arguments and the order that he cites has no legal bearing.

6

for certain identified purposes, but not [to unconditional release dates for life sentences], does not give rise to a liberty interest protected by the Due Process Clause.") Likewise, Waddell held that ex post facto claims stemming from DOC's refusal to apply good time credits to release dates are without merit "because, as the Jones decision explained, no legislative or regulatory enactment ever altered [the] award of good time credits."). Id. at 396. As such, the Fourth Circuit has already rejected the similar claims to the ones made by the Petitioner here.

The regulations provided by the Petitioner do not alter the holdings from Jones or Waddell. As such, those regulations do not change the analysis in the Court's October 1 Order. Accordingly, the Petitioner's Motion to Alter or Amend Judgment [Doc. 12] will be denied.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Petitioner's Motion to Alter or Amend Judgment [Doc. 12] is **DENIED.**

**IT IS SO ORDERED.**

Signed: June 17, 2020

Martin Reidinger
Chief United States District Judge